IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-20288 |
| | ) | |
| TESKA KEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's June 22, 2016 Report and Recommendation (the "Report"), recommending that the Court deny Defendant Teska Key's ("Key") April 15, 2016 Motion to Suppress (the "Motion"). (Mot., ECF No. 32; Rep., ECF No. 43.) Key objected to the Report on July 5, 2016. (Obj., ECF No. 45) The United States filed a Response on July 26, 2016. (Resp., ECF No. 65.)

For the following reasons, the Magistrate Judge's Report is ADOPTED and the Motion is DENIED.

**I. Background**

Neither Key nor the Government objects to the Magistrate Judge's proposed findings of fact about the circumstances leading to Key's arrest and the procedural history of the case.

Those proposed findings of fact are ADOPTED and discussed in relevant detail for background and clarity.

In July 2015, the United States Postal Inspection Service began an investigation into Key's theft of property worth more than $300,000.00 from Brother International, an office equipment manufacturer. (Rep., ECF No. 43 at 2.) The investigation revealed that Key resided at 4909 Noel Mission, Memphis, Tennessee, with his wife, Jacqueline Key, who worked as the shipping manager at the Brother International warehouse in Bartlett, Tennessee. (Id.) On August 6, 2015, Tennessee Criminal Court Judge Paula Skahan signed a search warrant for Key's residence, on the basis of an affidavit that provided as follows:

> On July 21, 2015 US Postal Inspector K. Parker ["Inspector Parker"] began an investigation at the request of Brother International (7777 Brother Blvd) in regards to a systematic theft occuring [sic] within the last two years. Investigators discovered that a male known as Teska Key was posting large numbers of Brother products on Ebay and Amazon for sale. US Postal made a total of 5 on line [sic] buys from "Officesupplynetwork["] on Ebay. Once the packages were received it was discovered that the items were on Brothers Inventory as missing/stolen. The paypal account where the buy money was sent to had the name of Teska Key on the reciept [sic]. Research revealed that Teska Key resides at 4909 Noel Mission, Memphis, Tn 38125 and is married to Jacqueline Marshall Key. It was also discovered that Jacqueline Key is the shipping manager at the Brother International warehouse in Bartlett, TN. Investigators had active surveillance on Teska Key once the buys were made. A total of 5 [undercover] buys have been made from Teska Key and the payments sent to Teska Key with the last

2

>       buy being sent on July 24, 2015. Teska Key was
>       followed from 4909 Noel Mission where he travelled to
>       Brother International and dropped Jacqueline Key off
>       for work. Teska Key was then followed to his home
>       where he entered and came back out with a package.
>       Teska Key was then followed to a storage unit located
>       at 6390 Winchester building 5 unit 5104 where he
>       entered and exited after a few minutes. Teska Key was
>       then seen to travel to the post office where he mailed
>       a package which was subsequently received by US Postal
>       Inspectors and found to also be merchandise belonging
>       to Brother International. On August 5, 2015 Brother
>       Intenational [sic] reported that an additional 10
>       Brother programs were missing from the shipping and
>       receiving area where Jacqueline Key is the manager.
>       Brother International has tracked losses of over
>       $300,000 they believe to be from this systematic
>       theft. It is the belief of the affiant that Teska Key
>       is storing and selling stolen merchandise belonging to
>       Brother International at 4909 Noel Mission, shipping
>       these items through the US Postal Service, and
>       receiving payment through paypal in his name.

(Id. at 2-3.) The warrant authorized officers to search for "[a]ssorted 'Brother' computer equipment, programs, toner, shipping containers, shipping envelopes, passwords, computers, electronic storage devices and digital media." (Id. at 3.) Officers executed the search warrant on August 7, 2015. They found a .45 caliber handgun, resulting in the current Indictment against Key for being a felon in possession of a firearm. (Id. at 3-4; Indictment, ECF No. 1.)

On April 15, 2016, Key filed the Motion, arguing that evidence of the handgun should be suppressed because the affidavit supporting the search warrant fails to establish probable cause. (Mot., ECF No. 32.) Key argues that the

3

information in the affidavit does not demonstrate a sufficient nexus between the suspected criminal activity and the place to be searched. Key also argues that the affidavit is so lacking in probable cause that the good-faith exception to the exclusionary rule should not apply.

The Government responded on May 31, 2016. (Resp., ECF No. 37.) It argues that the affidavit establishes a sufficient nexus between Key's residence and the suspected criminal activity. The Government acknowledges that the affidavit contains a misstatement of fact. The portion "Teska Key was then followed to a storage unit located at 6390 Winchester building 5 unit 5104 where he entered and exited after a few minutes" is incorrect. Key was not observed leaving his house with the package and proceeding to the storage unit on July 24, 2015. Key was observed on July 24, 2015 leaving his house with a package and mailing a package at the post office. The storage unit observation was made two days earlier, on July 22, 2015. The Government contends that this misstatement was not included knowingly or intentionally and that whether it is included or not does not defeat the established nexus.

Key replied on June 2, 2016. (Reply, ECF No. 39.) In response to the Government's acknowledgment, Key requests a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), "to determine the truthfulness of all remaining sworn statements of

4

fact in the . . . affidavit." (Id. at 4-5.) The Government filed a sur-reply on June 9, 2016, arguing that Key is not entitled to a Franks hearing, because he has not alleged that the misstatement was deliberately or recklessly included in the affidavit. (Sur-Reply, ECF No. 40.)

The Magistrate Judge held a suppression hearing on June 13, 2016 (the "Hearing"). (Minute Entry, ECF No. 41.) At the Hearing, Inspector Parker testified about observing Key on July 24, 2015. (Rep., ECF No. 43 at 6.) No other witnesses testified. (Id.) On June 22, 2016, the Magistrate Judge issued the Report, recommending denial of the Motion and denying Key's request for a Franks hearing. (Id. at 1.) Key objected on July 5, 2016, and the Government responded on July 26, 2016. (Obj., ECF No. 45; Resp., ECF No. 65.)

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the

5

evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 Fed. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**III. Analysis**

**A. Probable Cause**

In his Motion, Key argues that the affidavit supporting the search warrant fails to establish probable cause because the affidavit does not demonstrate a sufficient nexus between the suspected criminal activity and his residence. (Mot., ECF No. 32 at 5-7.) In particular, Key believes that the affidavit as submitted to Judge Skahan—that is, including the misstatement—raises the possibility that the package Key sent on July 24,

2015, was obtained from the storage unit, rather than from his residence, weakening the alleged nexus.

In his Report, the Magistrate Judge finds that the affidavit contains sufficient probable cause to support the search of the residence, regardless of whether the misstatement is considered. (Rep., ECF No. 43 at 9-10.) As the Magistrate Judge observes, the affidavit links Key to the stolen Brother International items by way of his Ebay and Paypal accounts. The affidavit also states that Key's residence is shared with Jacqueline Key, who was shipping manager at the Brother International warehouse. The Magistrate Judge finds that, "[w]hether Key was observed stopping at the storage unit on July 24 before mailing the package . . . does not detract from the likelihood that evidence of the theft scheme would be found at Key's residence."

In his Objection, Key argues that the Magistrate Judge "improperly consider[ed] facts outside the 'four corners' of the affidavit" and "made inferences not supported by the facts or relevant jurisprudence." (Obj., ECF No. 45 at 1.) Key argues that, "aside from the one disputed statement," the affidavit "is void of any nexus between the residence and the alleged criminal activity." (Id. at 4.) He suggests that the Magistrate Judge relied only on an "inference that[,] since the defendant . . . lived at the residence, there was a fair probability that

evidence of criminal conduct was being stored at the house." (Id.)

"[T]o establish probable cause to support a search warrant, there must be some nexus between the suspected illegal activity and the property to be searched." United States v. Kinison, 710 F.3d 678, 683 (6th Cir. 2013). The task of the reviewing judicial officer is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Franklin, 622 Fed. App'x 501, 508 (6th Cir. 2015). "The standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" United States v. Greene, 250 F.3d 471, 478 (6th Cir. 2001) (quoting United States v. Davidson, 936 F.3d 856, 859 (6th Cir. 1991)).

Key's argument is not well taken. The affidavit represents that Key was observed leaving his residence with a package on July 24, 2015. Whether Key stopped at the storage facility before reaching the post office, the package he mailed, which was later intercepted and found to contain Brother International property, can be traced directly to his residence. The

affidavit also represents that Key shares the residence with his wife, a shipping manager for Brother International. Key's suggestion that the Magistrate Judge relied solely on speculation or inference is not correct.

Even absent these links, Key's argument that Judge Skahan could not "'infer' from the nature of the illegal activity" itself "that relevant evidence would be found in the [residence]," is incorrect. (Obj., ECF No. 45 at 5.) Key overlooks the "logical, and indeed legally correct, assertion that it is reasonable to suppose that some criminals store evidence of their crimes in their homes, even though no criminal activity or contraband is observed there." United States v. Williams, 544 F.3d 683, 687-88 (6th Cir. 2008) (internal quotation marks omitted). Courts should consider "'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding places.'" Id. (quoting United States v. Savoca, 761 F.2d 292, 298 (6th Cir. 1985)). "[C]ontinuing operations" of drug, firearm, or stolen goods trafficking in particular suggest a nexus between a suspect and his residence. United States v. Newton, 389 F.3d 631, 636 (6th Cir. 2004); Williams, 544 F.3d at 688 (citing United States v. Hodge, 246 F.3d 301, 305-06 (3d Cir. 2001); United States v. Jackson, 756 F.2d 703, 705 (9th

9

Cir. 1985)). The alleged criminal operation in this case, trafficking stolen computer and electronic devices over the course of several years, in and of itself suggests that relevant evidence would be found at Key's residence.

Judge Skahan had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited. Key's argument about the sufficiency of the affidavit cannot be sustained.

**B. Franks Hearing**

In his Reply to the Motion, Key requests a hearing pursuant to Franks, 438 U.S. at 154, "to determine the truthfulness of all remaining sworn statements of fact in the . . . affidavit." (Reply, ECF No. 39 at 4-5.) "The purpose of a Franks hearing is to allow the defendant to challenge the truthfulness of statements in an affidavit in order to challenge the legality of a search warrant issued on the basis of the affidavit." United States v. Brooks, 2011 WL 7081072 at *3 (W.D. Tenn. Dec. 8, 2011) (internal quotations marks and citation omitted).

> To obtain a Franks hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for the truth. The movant must also show that the allegedly false statements were necessary for the magistrate's determination of probable cause. Therefore, 'if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.'

United States v. Mastromatteo, 538 F.3d 535, 545 (6th Cir. 2008) (quoting Franks, 438 U.S. at 171-72).

In his Report, the Magistrate Judge finds that the testimony of Inspector Parker was credible. (Rep., ECF No. 43 at 6.) Inspector Parker testified that he "observed Key's garage door open" and saw "Key coming out of his house with a package." (Id. at 7.) "[H]e then went to the post office and observed Key mail what appeared to be the same package." (Id.) "The package was later intercepted and the contents were determined to be items stolen from Brother International." (Id.) Inspector Parker later "relayed those events to the officer who . . . prepared the affidavit." (Id. at 7-8.)

At the Hearing, Key argued that the statement in the affidavit about leaving his house with a package was false and inconsistent with Inspector Parker's handwritten notes, admitted into evidence at the Hearing. (Rep., ECF No. 43 at 14.) The Magistrate Judge finds that "Key has not made a substantial preliminary showing that this statement was false, much less that it was made knowingly or intentionally, or with reckless disregard for the truth." (Id.) Although the package is not explicitly mentioned in Inspector Parker's notes, the Magistrate Judge concludes that the notes do not contradict Inspector

11

Parker's testimony. (Id.) The notes mention "Infiniti leaves res" at 2:35 PM on July 24, 2015. (Id. at 14.)

In his Objection, Key argues that Inspector Parker was not credible and that the statements about Key's home are false. (Obj., ECF No. 45 at 8-9.) To support his argument, Key points to a number of alleged contradictions in Inspector Parker's testimony. (Id. at 9.) Among other things, Key argues that Inspector Parker would not have been able to observe the interior of the garage without being observed himself and that Key would have been inside his vehicle (and hence unobservable) once the garage was open. (Id. at 9.)

Key's argument is unpersuasive. "Great deference must be given to the Magistrate Judge's determination of the credibility of witnesses." United States v. Dean, 2015 WL 3952715 at *2 (W.D. Tenn. June 29, 2015) (citing United States v. Raddatz, 447 U.S. 667, 673-76 (1980)). Despite the alleged contradictions in Inspector Parker's testimony, Key does not dispute that he mailed a package on July 24, 2015, which was later intercepted and found to contain stolen Brother International property. Key also does not dispute that he did not go to the storage unit on that day. Absent an alternative explanation for the provenance of the package, Key cannot overcome the great deference given to the Magistrate Judge's finding that Inspector Parker's testimony as to the package is credible. Key has not made a substantial

preliminary showing that the statements were false, let alone made knowingly or intentionally, or with reckless disregard for the truth.

Even assuming, however, that Key could meet his burden, he must also show that the allegedly false statements were necessary for Judge Skahan's determination of probable cause. Key cannot do so. Based on the nature and extent of the crime being investigated, it was reasonable for Judge Skahan to infer a nexus between the criminal activity under investigation and Key's residence, "even [if] no criminal activity or contraband [were] observed there." Williams, 544 F.3d at 687-88. Key is not entitled to a Franks hearing to challenge the statements in the affidavit. His request is DENIED.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the Motion is DENIED.

So ordered this 8th day of August, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE